IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN A. CUNNINGHAM, #366101 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-12-2122 |
| BALTIMORE COUNTY POLICE DEP'T. | * | |
| Defendant | * | |

\*\*\*

**MEMORANDUM**

John A Cunningham has filed a complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. Cunningham claims that he is entitled to damages because the defendant, the Baltimore County Police Department, failed to return his passenger van following his arrest on December 8, 2009. Complaint, ECF No. 1, Parts III and IV. After reviewing the pleadings, the court will grant the motion to proceed in forma pauperis (ECF 2). The complaint, however, will be dismissed, without prejudice, for the reasons that follow.

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Thus, a federal district court must determine whether there exists a valid basis for jurisdiction, and must "dismiss the action if no such ground appears." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also* Fed.R.Civ.P. 12(h) (3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). There is no presumption that the court has jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

In this case, Cunningham does not assert any grounds for federal jurisdiction based on diversity of citizenship or violation of federal law or constitutional right. Nor do the pleadings suggest any basis for federal jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332.

As noted, the complaint is brought pursuant to § 1983, which is not a source of rights, but rather a remedial provision that allows for vindicating other federal rights. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). Section 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Further, Cunningham fails to state whether he has sought relief for his claim through state administrative and judicial processes. To the extent Cunningham might intend to raise a due process claim, state processes are sufficient to satisfy due process. *See Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981); *Lovelace v. Lee*, 472 F.3d 174 (2006).

Moreover, the Baltimore County Police Department is not an entity amenable to suit. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," when sued for money damages); *see also id.* at 70 (stating that holding applies "to States or governmental entities that are considered 'arms of the State'"). The substantive law of Maryland determines whether municipal entities, such as defendant, possess the legal capacity to be sued. *See Chrysler Credit Corp. v. Superior Dodge, Inc.,* 538 F.2d 616, 617–18 (4th Cir. 1976). It is clear that, under Maryland law and Fourth Circuit precedent, the defendant is not a legally cognizable entity capable of being sued. *See, e.g., Revene v. Charles County Comm'rs,* 882 F.2d 870, 874 (4th Cir.

1989); *see also Hines v. French*, 157 Md. App. 536, 573, 852 A.2d 1047, 1068 (Md. Ct. Spec. App. 2004).

Because Cunningham is a pro se litigant, the court must construe his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, the court cannot ignore a clear failure in the complaint to set forth a federally cognizable claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). Accordingly, the complaint will be dismissed, without prejudice, by separate Order to follow.

<u>August 7, 2012</u>  /s/
Date  Ellen L. Hollander
  United States District Judge